**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

FLEMING BUILDING COMPANY, INC. )
)
      Plaintiff, )
)
v. ) Case No.: 10-CV-432-GKF-TLW
)
COLUMBIA CASUALTY COMPANY, )
)
      Defendant. )

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
COLUMBIA CASUALTY COMPANY TO PLAINTIFF'S COMPLAINT**

Defendant, Columbia Casualty Company (hereinafter "Defendant" or "Columbia"), by way of Answer to the Declaratory Judgment Complaint (the "Complaint"), says:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in Paragraph 2.

3. Defendant admits only that Columbia is an insurance company authorized to transact business in the State of Oklahoma and thus may be subject to jurisdiction of Oklahoma Courts. Further answering, Defendant denies the remainder of the allegations contained in Paragraph 3 of the Complaint.

4. The allegations of Paragraph 4 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.

## STATEMENT OF FACTS

5. Defendant admits only that it issued policy number CZB 11-405-39-03 to Fleming Building Company, Inc. (hereinafter "Fleming") for the policy period commencing on January 20, 2007 and terminating on January 20, 2008 (hereinafter "Columbia Policy"). Further answering, Defendant denies the remainder of the allegations contained in Paragraph 5 of the Complaint and states that the content of the Columbia Policy speaks for itself.

6. The allegations contained in Paragraph 6 of the Complaint are not directed to Columbia and, therefore, no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits that an action styled <u>Lynn Lane Self Storage, LLC v. Fleming Building Company, Inc.</u>, Docket No. CJ 2007 07830, was filed in the District Court for Tulsa County, State of Oklahoma (the "Underlying Action"). Further answering, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remainder of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8.

9. Defendant admits only that it disclaimed coverage under the Columbia Policy and that Columbia attended a mediation in the Underlying Action. Further answering, Defendant denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits only that Fleming sought coverage under the Columbia Policy. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remainder of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that it disclaimed coverage under the Columbia Policy. Further answering, Defendant denies the remainder of the allegations contained in Paragraph 11 of the Complaint and states that the content of Columbia's disclaimer speaks for itself.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 12 of the Complaint.

### FIRST CLAIM: BREACH OF CONTRACT
### COMMON LAW

13. Defendant repeats and re-alleges its responses and allegations set forth in Paragraphs 1 through 12 as if fully set forth herein.

14. Defendant denies the allegation that Columbia "has breached the terms, conditions and intent of the Policy." Further answering, Columbia states that the remainder of the allegations in Paragraph 14 of the Complaint set forth a statement of relief sought by the Plaintiff and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies said allegations.

15. To the extent the allegations contained in paragraph 15 of Plaintiff's Complaint are directed at Columbia, Columbia denies such allegations. Further answering, Columbia denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 15 of Plaintiff's Complaint.

### SECOND CLAIM: STATUTORY BREACH OF CONTRACT

16. Defendant repeats and re-alleges its responses and allegations set forth in Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant denies the allegations set forth in Paragraph 17.

18. To the extent the allegations contained in paragraph 18 of Plaintiff's Complaint are directed at Columbia, Columbia denies such allegations. Further answering, Columbia

denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 18 of Plaintiff's Complaint.

### THIRD CLAIM: BREACH OF DUTY TO DEAL FAIRLY AND IN GOOD FAITH

19. Defendant repeats and re-alleges its responses and allegations set forth in Paragraphs 1 through 18 as if fully set forth herein.

20. Defendant admits the allegations set forth in Paragraph 20.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint and states that the content of the Columbia Policy speaks for itself.

23. Defendant denies the allegations set forth in Paragraph 23.

24. Defendant denies the allegations set forth in Paragraph 24.

25. To the extent the allegations contained in paragraph 25 of Plaintiff's Complaint are directed at Columbia, Columbia denies such allegations. Further answering, Columbia denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 25 of Plaintiff's Complaint.

### FOURTH CLAIM: BREACH OF FIDUCIARY DUTY

26. Defendant repeats and re-alleges its responses and allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint and states that the content of the Columbia Policy speaks for itself.

28. Defendant denies the allegations set forth in Paragraph 28.

29. To the extent the allegations contained in paragraph 29 of Plaintiff's Complaint are directed at Columbia, Columbia denies such allegations. Further answering, Columbia

denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 29 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Columbia upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

The rights and obligations of any party seeking coverage under the Columbia Policy are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the policies. The terms, exclusions, conditions and other provisions of said policies cannot all be itemized as affirmative defenses, and are therefore incorporated by reference herein.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that coverage is sought for a "wrongful act" or other loss that took place prior to the inception date of the Columbia Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any alleged wrongful act is not a "wrongful act" within the meaning of the Columbia Policy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any alleged damages do not arise out of a negligent act, error or omission in the performance of "professional services" within the meaning of the Columbia Policy.

### TENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that any claims with respect to the Lynn Lane Self Storage facility arise out of express warranties or guarantees.

### ELEVENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that any claims with respect to the Lynn Lane Self Storage facility arise out of the cost to repair or replace Fleming's faulty workmanship.

### TWELFTH AFFIRMATIVE DEFENSE

Coverage is barred for recovery of amounts paid or incurred without Columbia's prior notice or consent.

### THIRTEENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that Columbia's right of subrogation has been impaired.

### FOURTEENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that any alleged "wrongful act" did not take place during the policy period of the Columbia Policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

Coverage is barred for claims seeking coverage for punitive damages, fines, or penalties.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint does not describe the underlying action with sufficient particularity to permit Columbia to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the Columbia Policy) may exist.  Columbia therefore reserves the right to assert any and all additional defenses which may pertain to Columbia once the precise nature of such actions is determined.

**WHEREFORE**, Defendant Columbia Casualty Company prays for judgment as follows:

1. Dismissing Plaintiff's Complaint as against Columbia;

2. Denying the relief sought by Plaintiff in the Complaint;

3. Awarding to Columbia the attorneys' fees incurred in defending this action;

4. and for such other relief as this Court may deem just and equitable.

Respectfully submitted,

/s/ James D. Johnson
James D. Johnson, OBA #12352
Kerry R. Lewis, OBA #16519
Rhodes, Hieronymus, Jones, Tucker & Gable
100 West Fifth Street, Suite 400
Tulsa, Oklahoma 74103
918-582-1173

Attorneys for Defendant
Columbia Casualty Company

8

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 6, 2010, a true and correct copy of the foregoing has been furnished by U.S. Mail to:

Kenneth L. Brune
Timothy E. Houchin
900 Reunion Center
Nine East Fourth Street
Tulsa, Oklahoma 74103

                /s/ James D. Johnson
                James D. Johnson