**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

FLEMING BUILDING COMPANY, INC.,      )
                                     )
               Plaintiff,            )
                                     )
v.                                   )      Case No.10-CV-432-GKF-TLW
                                     )
COLUMBIA CASUALTY COMPANY,           )
                                     )
               Defendant.            )

**OPINION AND ORDER**

This matter comes before the court on the Motion to Remand [Doc. No. 9] of plaintiff
Fleming Building Company, Inc. ("Fleming").  For the reasons set forth below, Fleming's
motion is granted.

**I.  Background/Procedural History**

Fleming is an Oklahoma corporation with its principal place of business in Tulsa,
Oklahoma.  Defendant Columbia Casualty Company ("Columbia Casualty") is an insurance
company organized and existing under the laws of the State of Illinois with its principal place of
business in Chicago. Columbia Casualty issued a Contractors' Professional and Pollution
Liability Policy (the "Policy") to Fleming.  Fleming was sued in Tulsa County District Court by
Lynn Lane Self Storage, LLC ("LLSS").   Fleming notified Columbia Casualty of the suit and
requested that it defend the suit and provide liability coverage. Columbia Casualty refused to
provide coverage, but participated in negotiations and mediation which eventually led to the
settlement of all issues between Fleming and LLSS.  When Columbia Casualty refused another
request by Fleming to provide coverage of the cost of defending the suit and the cost of

settlement, Fleming filed this action in Tulsa County District Court, alleging common law and statutory breach of contract, bad faith breach of contract and breach of fiduciary duty.

Columbia Casualty removed the suit to this court pursuant to 28 U.S.C. §§1441, 1446(a) and1332, alleging diversity jurisdiction.  Fleming filed the pending Motion to Remand, contending the Policy contains a forum selection clause and waiver of any objections to Fleming's forum selection.

Section VI.O of the policy provides:

Service of Suit

In the event of our failure to pay any amount claimed to be due hereunder, we, at **your** request, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

[Doc. No. 9-1, Contractor's Professional and Pollution Liability Policy, p. 24 of 25]. Fleming asserts the language of the service of suit provision is a mandatory forum selection clause and thus, precluded removal of this case.  Columbia Casualty contends the language is *not* a forum selection clause but rather merely an agreement not to dispute the jurisdiction or authority of any court of competent jurisdiction in the United States over a case, if requested by Fleming. Columbia Casualty argues the language cannot be construed as a waiver of the right of removal.

## II.  Analysis

Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. v. Union Gas System,* 929 F.2d 1519, 1521 (10th Cir. 1991).   Additionally, forum selection provisions are *prima facie* valid and will be enforced unless enforcement is shown by

2

the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert,* 963 F2d 1342, 1346 (10th Cir. 1992).  However, "a waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'" *Id.*

"Service of suit" clauses have been commonly in insurance and reinsurance contracts for more than six decades.  The overwhelming weight of authority, beginning with *General Phoenix Corp. v. Maylon,* 88 F.Supp.502, 503 (S.D.N.Y. 1949), is that such clauses waive the defendant's right of removal.  *See Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1216-18 (3d Cir. 1991); *City of Rose v. Nutmeg,* 931 F.2d 13, 16 (5th Cir. 1991); *Massey Energy Co. v. American International Speciality Lines Insurance Co.,* 2009 WL 1034243, at*4, *5 (S.D. W.Va. April 16,2009); *Archdiocese of Milwaukee v. Underwriters at Lloyd's, London,* 955 F.Supp. 1066, 1068 (E.D. Wisc. 1997); *The Travelers Insurance Company v Keeling,* 1993 WL 1809, at *5 (S.D.N.Y. Jan. 19, 1993); *Welborn v. Classic Syndicate, Inc.,* 1992 WL 358104, at *3 (W.D.N.C. Nov. 25, 1992); *Cessna Aircraft Co. v. Fidelity & Cas. Co.,* 616 F.Supp. 671, 674-75 (D.N.J. 1985); *Capital Bank Trust Co. v. Associated Int'l Ins. Co.,* 576 F.Supp. 1522, 1524-25 (M.D.La. 1984); *Himes v. Admiral Ins. Co.,* 575 F.Supp. 312, 313 (E.D.Ky. 1983); *Lavan Petroleum Co. v. Underwriters at Lloyd's London,* 302 F.Supp. 384 (C.D.Cal. 1969); *Euzzino v. London & Edinburgh Ins. Co.,* 228 F.Supp. 431, 433 (N.D.Ill. 1964); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 963 S.W.2d 392, at ¶10 (Mo.App. W.D. 1998).  *See also, McDermott Int'l. Inc. v. Lloyd's Underwriters of London,* 944 F.2d 1199, 1204-05 (5th Cir. 1991) (noting the probable effect of service of suit clause "is to waive the insurer's removal right" but finding the clause in conflict with a contractual arbitration clause at issue in that case). *But see In re Delta America Reinsurance Co. v. National Distillers & Chemical Corporation,*

3

900 F.2d 890, 893-94 (6th Cir. 1990); and *Columbia Cas. Co. v. Bristol-Myers Squibb Co.,* 215

A.D.2d 91, 96 (N.Y.A.D. 1 Dept. 1995).

> In *City of Rose v. Nutmeg,* the "service of suit" clause stated:
>
> In the event of our [Nutmeg's] failure to pay any amount claimed to be due under your [Rose City's] policy, we, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.
>
> ...[I]n any suit instituted against use upon the contract, we will abide by the final decision of such Court or any Appellate Court in the event of an appeal.

931 F.2d at 14.  The Fifth Circuit, in considering this language, stated:

> On its face the endorsement is unambiguous.  It plainly requires that the insurer submit to the jurisdiction of any court of the policyholder's choosing.  Nutmeg agreed to "submit to the jurisdiction of any court," to "comply with all requirements necessary to give such court jurisdiction," and to "abide by the final decision of such court."  Thus, while the provision does not specifically mention the right of a defendant to remove an action from state to federal court, the language of the clause makes clear that the policyholder shall enjoy the right to choose the forum in which any dispute will be heard.

*Id.* at 15.  Invoking the principle that ambiguities in insurance contracts are to be construed

against the drafter of the policy, the court noted that if the insurer desired to reserve the right to

remove the case to federal court after the insured chose the state in which it desired to file suit, it

could have inserted such a clause.  *Id.,* quoting *Capital Bank & Trust Co. v. Assoc. Int'l Ins. Co.,*

576 F.Supp. at 1525.  The court found the holding of the Sixth Circuit in the *In re Delta America*

*Reinsurance Co.* case to be inapplicable, because there, the liquidator of an insolvent insurance

company had sued a number of reinsurance companies, some of which might be foreign

corporations not otherwise subject to the jurisdiction of any court in the United States, "so that it

made some sense to hold that the 'forum selection clause' was really only a clause by which the

4

reinsurers promised to submit to the jurisdiction of some court in the United States." *Id.* The

court commented:

> Here there was no question that Nutmeg would have to submit to the jurisdiction
> of some court in the United States.  Nutmeg is a Connecticut corporation with its
> principal place of business in Hartford, Connecticut. . . . It would have made no
> sense for the policyholder to bargain with Nutmeg for a clause requiring only
> that Nutmeg would submit to the jurisdiction of some court in the United States.
> Indeed, it is clear from the language of the clause at issue here that Nutmeg did
> not promise only to submit to the jurisdiction of "*some* Court ... within the
> United States," but rather promised to submit to the jurisdiction of "*any* Court
> ... within the United States."  We are persuaded that this clause gives to the
> policyholder (or its assignee) the right to select the forum, foreclosing Nutmeg's
> right to remove his action to federal court.

*Id.* at 15-16.

Here, the "service of suit" language is virtually identical to the language at issue in

*Nutmeg,* except for the additional stipulation in *Nutmeg* that the insurer would "abide by the final

decision of such Court or any Appellate Court."  Columbia Casualty–like Nutmeg–is a domestic

insurance company; thus there is no question it would have to submit to the jurisdiction of some

court in the United States. Columbia Casualty agreed not only to submit to the jurisdiction of the

court chosen by Fleming, but also to comply with all requirements necessary to give the chosen

court jurisdiction, and agreed that all matters would be determined in accordance with the law

and practice of that court.  To permit Columbia Casualty to remove the case would deprive the

insured of the full benefit of the provision.[1]

---

[1]Columbia Casualty argues that under *SBKC Service Corporation v. 1111 Prospect Partners, L.P.,* 105 F.3d 578,582 (10th Cir. 1997), a provision is a "forum selection clause" only where it confines litigation to specific tribunals to the exclusion of all others."  However, in that case, the pertinent provision stated "an action may be maintained in the State of Kansas and the County of Wyandotte." *Id.* at 580.  Here, in contrast, the contract explicitly gave Fleming the right to choose the jurisdiction.

The court finds the Service of Suit clause operated as a waiver of Columbia Casualty's right to remove the case to federal court. Therefore, Fleming's Motion to Remand [Doc. No. 9] is granted.

### III.  Attorney Fees

Fleming has also sought attorney fees pursuant to 28 U.S.C. §1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Tenth Circuit has stated:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be should be denied.

*Porter Trust v. Rural Water Sewer and Solid Waste Management Dist. No. 1,* 607 F.3d 1251, 1253 (10th Cir. 2010) quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Given the decades-long  history of the "submit to service" clause in insurance and reinsurance contracts, and the overwhelming weight of authority that such provisions operate as a waiver of the insurer's right of removal, the court finds Columbia Casualty's removal of the case was not "objectively reasonable."  Therefore, Fleming  shall be entitled to recover costs, including reasonable attorney fees, incurred as a result of the removal.

### IV.  Conclusion

Fleming's Motion to Remand [Doc. No.9] is granted and the clerk is ordered to remand this case to Tulsa County District Court.  Additionally, Fleming shall be entitled, upon timely application, to recover costs, including attorney fees, associated with the filing of the Motion to Remand.

6

ENTERED this 12th day of November, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma